IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL W. BROWN, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| TEXAS ROADHOUSE MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendant | § | |

COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Michael W. Brown, Plaintiff, complaining of Texas Roadhouse Management Corporation ("TRMC").

I. PARTIES

1. Plaintiff Brown is an individual residing in Abilene, Taylor County, Texas. TRMC is a corporation that owns a chain of restaurants.

II. JURISDICTION AND VENUE

2. Subject matter jurisdiction over TRMC lies under 28 U.S.C. § 1331 (federal question jurisdiction) because, as will be shown below, Brown asserts a cause of action under the Civil Rights Act of 1964, 42 U.S.C. §2000, *et. seq. In personum* jurisdiction properly lies in the Abilene Division of the Northern District of Texas because TRMC does business there.

3. Venue is proper in the Abilene Division pursuant to 28 U.S.C. § 1391 because this is a division and district in which the Defendant resides.

## III. SERVICE OF PROCESS

4. Service of process for TRMC may be achieved by delivering a copy hereof, together with summons, to the registered agent for TRMC, Corporation Service Company d/b/a CSC – Lawyers, Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV. FACTS

5. Plaintiff is a 49 year old individual residing in Abilene, Texas. He worked as a waiter at Texas Roadhouse Abilene, Texas store No. 40 for 23 years with good reviews. He was wrongfully terminated by TRMC on October 15, 2022 for specious and pretextual reasons. His supervisor, Devon, falsely claimed that Brown mishandled a tray. Devon also falsely claimed that Brown sexually harassed him. The real reason was racial discrimination because Brown is an African American, and the specious reasons for his termination were given by a Caucasian. TRMC is liable for the conduct of Devon under the doctrine of *respondeat superior*. Brown has received his "right to sue" letter. Thus, he has exhausted administrative remedies, and the suit is timely.

## V. CAUSES OF ACTION

6. Plaintiff restates the facts above. TRMC's conduct constitutes a violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et. seq.*

## VI. COMPENSATORY DAMAGES

7. Brown has compensatory damages of two types: (1) back pay; and (2) emotional distress, mental anguish and reduced ability to enjoy life. The former is $3500. The latter type of damages is inherently unliquidated and subject to the discretion of the jury, but are reasonably expected to be high. Because of the conduct of TRMC caused Plaintiff to suffer

worsened diabetes, depression, anxiety, and loss of sleep. These sorts of damages are expected to be $200,000. Plaintiff requests judgment for same.

## VII. EXEMPLARY DAMAGES

8. Because the conduct of TRMC was malicious, Brown will be entitled to an award of exemplary damages in the maximum amount allowed by Tex. Civ. Prac. & Rem. Code § 41.008. Brown requests judgment for same.

## VIII. ATTORNEYS' FEES

9. Under the federal statute cited above, Brown will be entitled to an award of attorneys' fees. These are expected to be $60,000 through the jury trial; another $50,000 in the event of an appeal to the Court of Appeals; and, an addition $50,000 in the event review is sought in the Supreme Court of the United States. Brown requests judgment for same.

## IX. PRAYER

10. Plaintiff prays that he be awarded (1) all of the compensatory damages requested hereinabove; (2) all of the exemplary damages requested hereinabove; (3) all attorneys' fees requested hereinabove; (4) such pre-judgment and post-judgment as are allowable by law; and (5) such other and further relief at law or in equity to which he may show himself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380

dan@boydstap.com
Tel. (214)478-0152
Fax: (214)481-1878
Web www.boydstap.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues.